IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PHARMACISTS MUTUAL INSURANCE COMPANY                              PLAINTIFF

vs.                                                          No. 1:04CV112-D-D

GARY HARDY, Individually and as ADMINISTRATOR
of the ESTATE OF WAYNE HARDY                                      DEFENDANT

OPINION

This declaratory judgment action arises from a claim made by the Defendant for $250,000 in uninsured/underinsured motorist benefits under a Commercial Automobile Policy issued by the Plaintiff Pharmacists Mutual Insurance Company (Pharmacists Mutual) to "Larry Melton & Gary Hardy Partnership, Booneville Community Pharmacy" and insuring a 2003 Chevrolet Tahoe owned by the Pharmacy. The Defendant filed his claim after his son, Wayne Hardy, was killed in an automobile accident while driving another vehicle owned and separately insured by the Defendant. The Plaintiff then filed this action, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaratory judgment that the Defendant is not entitled to underinsured motorist benefits under the subject policy. The court conducted a bench trial of this matter on September 26, 2005.

Having carefully considered the testimony and exhibits presented at trial, the court finds that the Defendant is not entitled to underinsured motorist benefits under the subject insurance policy because his son Wayne Hardy was not an insured under the terms of the policy.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the court issues the following findings of fact and conclusions of law.

*A. Factual Background*

In February of 2000, the Defendant and Larry Melton formed a partnership and opened Booneville Community Pharmacy in Booneville, Mississippi. Shortly thereafter, the Pharmacy purchased a 2001 Chevrolet Tahoe vehicle (the first of three such vehicles to be ultimately purchased by the Pharmacy and successively insured by the Plaintiff). The Tahoe was titled in the Pharmacy's name and was insured through the Defendant Pharmacists Mutual under a Commercial Automobile Insurance Policy (number ACV0040888-03). The policy provides for uninsured and underinsured motorist bodily injury coverage in the amount of $250,000 per person. The policy was renewed annually and was in force, covering a 2003 Tahoe owned by the Pharmacy, at the time of the Defendant's son's accident.

The Defendant's son, Wayne Hardy, was involved in a motor vehicle accident early in the morning on September 20, 2003, while driving the Defendant's 2000 Chevrolet Silverado pickup. Wayne died at the scene of the accident. An Estate was subsequently opened on behalf of Wayne Hardy, with his father, the Defendant Gary Hardy, being appointed Administrator of the Estate. Hardy filed a claim, on behalf of his son's Estate, for underinsured motorist benefits under the subject Pharmacists Mutual policy. The Plaintiff then filed this declaratory judgment action.

*B. Standard*

Under Mississippi law, an insurance contract determines the rights of the parties unless the contractual provisions are contrary to public policy, which has not been alleged in this case. Gladney v. Paul Revere Insurance Co., 895 F.2d 238, 241 (5th Cir. 1990). Insurance contracts are enforced as written when the relevant terms are plain and unambiguous; interpreting the contract's terms is a question of law for the court. Mississippi Transp. Comm'n v. Ronald Adams Contractor, Inc., 753

So. 2d 1077, 1088 (Miss. 2000); American States Ins. Co. v. Nethery, 79 F.3d 473, 475 (5th Cir. 1996). Under Mississippi law, in the absence of ambiguous terms, the intent of the parties should be gleaned solely from the wording of the insurance contract itself. Cooper v. Crabb, 587 So. 2d 236, 238 (Miss. 1991).

In order for the Defendant in this case to recover underinsured motorist benefits under the subject policy, the court must find that the Decedent Wayne Hardy was an "insured" under the policy's terms. Steinwinder v. Aetna Casualty and Surety Co., 742 So. 2d 1150, 1152 (Miss. 1999).

*C. Discussion*

In order to determine whether Wayne Hardy was an insured under the policy, the court must first determine whether the "named insured" under the policy was Gary Hardy as an individual, or was "Larry Melton & Gary Hardy Partnership, Booneville Community Pharmacy." The court finds that the named insured under the subject insurance policy is "Larry Melton & Gary Hardy Partnership, Booneville Community Pharmacy" (the Partnership) and that Gary Hardy, individually, is not the named insured.

The Defendant asserts that on page two of the Declarations page (as well as in other places such as on the annual insurance card provided to the Defendant by the Plaintiff) the insured is denoted as "Larry Melton & Gary Hardy" and that this signifies individual coverage for the Defendant; the Defendant also asserts that the application for insurance is for personal insurance and that he desired personal insurance coverage for himself under the policy.

The court finds, however, that the Plaintiff's assertion that "Larry Melton & Gary Hardy" was an abbreviation for the full partnership name is credible and that the full Partnership name was simply too long to be reprinted in each and every instance. The Declarations page on page one of

the policy clearly lists the Partnership as its named insured. In addition, the Declarations page as well as all policy-related correspondence clearly states that the policy is a "Commercial Automobile" policy, as opposed to being a personal automobile policy. As for the Defendant's assertions regarding the insurance application: as has been heretofore noted, under Mississippi law, in the absence of ambiguous terms, the intent of the parties should be gleaned solely from the wording of the insurance contract itself; an application for insurance is not considered part of the policy. Cooper v. Crabb, 587 So. 2d 236, 238 (Miss. 1991); Interstate Life and Accident Ins. Co. v. Flanagan, 284 So. 2d 33 (Miss. 1973). Neither party asserts that the terms of the contract are ambiguous; they both agree that the terms are clear and unambiguous. In accordance with these principles, the court finds that the Partnership is the named insured on the subject policy.

The sole vehicle insured by the policy at the time of the accident was a 2003 Chevrolet Tahoe. The Defendant's son was driving the Defendant's 2000 Chevrolet Silverado pickup truck at the time of the accident; that vehicle was insured under a personal insurance policy issued by another insurance company and was not a covered auto under the subject policy. The court finds that the only covered auto under the policy at the time of the accident was the 2003 Tahoe.

The policy provides that, when the named insured is a partnership, as is the case here, the following persons qualify as insureds under the policy: (1) anyone occupying a covered auto or a temporary substitute therefor; (2) anyone entitled to recover damages based on an insured's bodily injury; and (3) anyone who uses a covered auto with the named insured's express or implied consent. The court finds that Wayne Hardy does not qualify as an insured under the policy because he was not using or occupying the sole covered auto (2003 Tahoe) at the time of the accident. This is the only possible category of coverage that Wayne Hardy could qualify for given the circumstances of

this case; the Defendant does not aver that the 2000 Silverado was functioning as a temporary substitute for the 2003 Tahoe at the time of the accident.

Because Wayne Hardy was not an insured under the policy, the Defendant cannot recover underinsured motorist benefits for Wayne's death under the policy, as the policy specifically states that underinsured/uninsured benefits are payable only when an "insured" has an accident and suffers bodily injury. As previously noted, the only way that Wayne Hardy could potentially have been an insured under the policy is if he were driving the Pharmacy's 2003 Tahoe at the time of the accident, which he was not. Thus, the court finds that the Defendant is not entitled to underinsured/uninsured benefits under the subject policy, and the Plaintiff is entitled to a declaratory judgment in its favor that it has no duty to provide benefits to the Defendant in connection with the subject accident.

*D. Conclusion*

In accordance with the above-cited authorities, the court finds that the named insured under the subject Pharmacists Mutual commercial insurance automobile policy is the partnership of Larry Melton and Gary Hardy, Booneville Community Pharmacy. As such, the Decedent Wayne Hardy does not qualify as an insured under the policy because he was not driving a covered vehicle at the time of the accident. Thus, the court finds that the Defendant is not entitled to underinsured motorist benefits under the terms of the subject policy.

A separate order in accordance with this opinion shall issue this day.

This the 3rd day of October 2005.

/s/ Glen H. Davidson
Chief Judge